UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY USSERY, | Case No. 2:25-cv-00594-DC-CSK |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MARK DOMEYER, et al., | |
| Defendants. | (ECF Nos. 1, 2) |

Plaintiff Kimberly Ussery is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.    **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

      Here, Plaintiff's IFP application does make the financial showing required by 28 U.S.C. § 1915(a). *See* ECF No. 2. However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous and without merit because it is duplicative of an earlier pending action in this district. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of Plaintiff's Complaint that this action is frivolous and is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

/ / /

/ / /

## II. SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening. Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80

F.3d 336, 339 (9th Cir. 1996).

### III.     THE COMPLAINT

Plaintiff brings this action "to challenge the unlawful non-judicial foreclosure of her real property" located at 1405 East Roosevelt St., Stockton, California 95205. Compl. at 1, 3 (ECF No. 1). Plaintiff raises the following causes of actions against Defendants Mark Domeyer, NewRez LLC d/b/a ShellPoint Mortgage Servicing, Peak Foreclosure and Caliber Home Loans: (1) wrongful foreclosure; (2) violation of the Fifth Amendment; (3) violation of Racketeer Influenced and Corrupt Organizations ("RICO") pursuant to 18 U.S.C. §§ 1961-1968; (4) tax evasion under 26 U.S.C. § 7201; (5) violation of the Fair Dept Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692e; and (6) violation of the Real Estate Settlement Procedures Act ("RESPA") pursuant to 12 U.S.C. § 2605 and FDCPA pursuant to 15 U.S.C. § 1692k. *Id*. at 3-4. Plaintiff alleges Defendants are "not the holders in due course of the promissory note, are not in possession of the original note, and lack standing to foreclose on Plaintiff's property." *Id*. at 3. For relief, Plaintiff is seeking the Court to "declare the foreclosure void and restore legal title to Plaintiff," disgorgement, "a forensic audit" and damages. *Id*. at 4.

### IV.     DISCUSSION

#### A.     Duplicative Suits

A district court has broad discretion to control its own docket, including the power to dismiss duplicative claims. *M.M. v. Lafayette Sch. Dist*., 681 F.3d 1082, 1091 (9th Cir. 2012). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion." *Adams v. California Dep't of Health Servs*., 487 F.3d 684, 688 (9th Cir. 2007), overruled on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008). In assessing whether a suit is duplicative, the court examines whether the causes of action, the relief sought, and the parties or privies to the action, are the same. *Id*. at 689. To determine whether the causes of action are the same, courts utilize the "transaction test" which requires the application of four factors, the last of which is the most important:

///

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Id*. (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

On December 26, 2024, Plaintiff initiated an action in this district court, *Kimberly Ussery v. Newrez LLC dba Shellpoint Mortgage Servicing*, 2:24-cv-03699-DJC-CKD (E.D. Cal. Dec. 26, 2024) ("*Ussery I*"), that is ongoing and has pending Findings and Recommendations recommending dismissal for failure to prosecute. *See Ussery I*, ECF No. 4 (E.D. Cal. May 5, 2025).[2] In *Ussery I*, Plaintiff names the same Defendant as in this action: Newrez LLC dba Shellpoint Mortgage Servicing. *Ussery I* Compl. at 1 (ECF No. 1). The instant action and *Ussery I* plead substantial similar allegations related to the foreclosure proceedings of Plaintiff's property located at 1405 E. Rossevelt St., Stockton, California. *Compare* Compl. at 1, 3, *with Ussery I* Compl. at 1, 6.

Here, all the factors of the transaction test are satisfied. *See Costantini*, 681 F.2d at 1201-02. In both actions, the parties are identical, and Defendant is the same named defendant as in *Ussery I*. *Compare* Compl., *with Ussery I* Compl. Most importantly, both actions stem from allegations regarding the ongoing foreclosure proceedings on Plaintiff's same real property and therefore consequently involve substantially the same evidence. Although it is not entirely clear which claims Plaintiff seeks to bring in *Ussery I*, Plaintiff was provided an opportunity to amend her complaint to allege her claims for relief and the basis for the Court's jurisdiction in *Ussery I*. *See Ussery I*, ECF No. 3 (E.D. Cal. Mar. 26, 2025). If Plaintiff is attempting to amend her complaint by initiating a new

---

[2] Plaintiff has previously attempted on multiple occasions to remove from the San Joaquin County Superior Court her unlawful detainer proceeding involving the same real property. The previous four removal actions were all remanded back to the superior court. *NewRez LLC dba Shellpoint Mortgage Servicing v. Ussery*, 2:24-cv-03698-TLN-CSK; *NewRez LLC dba Shellpoint Mortgage Servicing v. Ussery*, 2:25-cv-00740-DJC-JDP; *NewRez LLC et al v. Ussery et al*, 2:25-cv-00895-DC-JDP; and *NewRez LLC v. Ussery*, 2:25-cv-01169-DJC-AC.

action, this is not proper. It is clear that both actions share a common set of facts, impacting the same rights and requested relief, thereby rendering this action duplicative of Plaintiff's prior action. *See Costantini*, 681 F.2d at 1201-02. This action is therefore duplicative of *Ussery I*, an ongoing earlier case in this district, and should be dismissed without leave to amend. *See Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) ("denying leave to amend is not an abuse of discretion if it is clear that granting leave to amend would have been futile") (internal quotation marks and citations omitted).

### B.     Leave to Amend

In considering whether leave to amend should be granted, the Court finds that the Complaint is duplicative of an earlier filed, ongoing lawsuit and leave to amend is not appropriate. *Compare* Compl., *with Ussery I* Compl. If Plaintiff seeks to file an amended complaint, she should do so in *Ussery I*, her earlier filed case. Because this case is duplicative of the case pending in *Ussery I*, No. 2:24-cv-03699-DJC-CKD (E.D. Cal.), the Complaint should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato v. United States*, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

## V.     CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;
2. Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and
3. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14

1  days after service of the objections. Failure to file objections within the specified time
2  may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,
3  455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  June 9, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, usse0594.25